UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANAAHMAD ALAWAD,<br><br>              Plaintiff,<br><br>      v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br><br>              Defendant. | No.  2:22-cv-0931 DB<br><br><br>ORDER |

This social security action was submitted to the Court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's step three analysis and residual functional capacity determination were erroneous.

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

////

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 9.)

**PROCEDURAL BACKGROUND**

On March 30, 2020, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on January 21, 2020. (Transcript ("Tr.") at 43.) Plaintiff's alleged impairments included neck and back pain, left arm pain, osteopenia, ovarian cystectomy, stenosis of the cervical spine, thyroid issues, and carpal tunnel syndrome. (Id. at 253.) Plaintiff's application was denied initially, (id. at 129-34), and upon reconsideration. (Id. at 137-42.)

Plaintiff requested an administrative hearing which was held before an Administrative Law Judge ("ALJ") on December 1, 2020, and May 12, 2021. (Id. at 63-93.) Plaintiff was represented by a non-attorney representative and testified at the administrative hearing. (Id. at 63-70.) In a decision issued on June 3, 2021, the ALJ found that plaintiff was not disabled. (Id. at 56.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since March 30, 2020, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: lumbar and sacral degenerative disc disease with radiculopathy, cervical degenerative disc disease with radiculopathy and myelopathy, status post discectomy and fusion, obesity, major depressive disorder, posttraumatic stress disorder (PTSD), chronic pain disorder with psychological features, insomnia and small left shoulder acromioclavicular joint osteophyte (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work, as defined in 20 CFR 416.967(b), subject to the following limitations: The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for approximately two hours and sit for approximately six hours, in an eight-hour workday, with normal breaks. The claimant cannot climb ladders, ropes, and scaffolds and can occasionally climb stairs and ramps. The claimant can occasionally stoop, crouch, kneel, crawl, and balance. She can occasionally push and pull with the left upper extremity. She can frequently reach in all directions, handle, and finger with the left upper extremity. The claimant can understand, remember and carry out simple, routine and repetitive instructions and tasks. The claimant should perform only low-stress work, which is defined as requiring only occasional changes in work setting,

2

occasional changes in work duties, and no work on a moving conveyor belt. She should have no exposure to moving mechanical parts and high, exposed place hazards as rated by the Dictionary of Occupational Titles (DOT).

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1982 and was 38 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 30, 2020, the date the application was filed (20 CFR 416.920(g)).

(Id. at 45-56.)

On April 4, 2022, the Appeals Council denied plaintiff's request for review of the ALJ's June 3, 2021 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 31, 2022. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or

1  reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d

2  1072, 1075 (9th Cir. 2002).

3       A five-step evaluation process is used to determine whether a claimant is disabled. 20

4  C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

5  process has been summarized as follows:

6           Step one:  Is the claimant engaging in substantial gainful activity?  If
            so, the claimant is found not disabled.  If not, proceed to step two.
7

8           Step two:  Does the claimant have a "severe" impairment?  If so,
            proceed to step three.  If not, then a finding of not disabled is
9           appropriate.

10          Step three:  Does the claimant's impairment or combination of
            impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,
11          Subpt. P, App. 1?  If so, the claimant is automatically determined
            disabled.  If not, proceed to step four.

12          Step four:  Is the claimant capable of performing his past work?  If
13          so, the claimant is not disabled. If not, proceed to step five.

14          Step five:  Does the claimant have the residual functional capacity to
            perform any other work?  If so, the claimant is not disabled.  If not,
15          the claimant is disabled.

16  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

17       The claimant bears the burden of proof in the first four steps of the sequential evaluation

18  process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

19  if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

20  1098 (9th Cir. 1999).

21                              **APPLICATION**

22       Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ erred by

23  failing to consider Listing 12.07; and (2) the ALJ's residual functional capacity determination

24  was erroneous.  (Pl.'s MSJ (ECF No. 13) at 5-13.[2])

25  ////

26  ////

27

28  [2] Page number citations such as this one are to the page number reflected on the court's CM/ECF
    system and not to page numbers assigned by the parties.

1   **I.      Listing 12.07**

2          At step three of the sequential evaluation, the ALJ must determine whether a claimant's

3   impairment or impairments meet or equal one of the specific impairments set forth in the Listings.

4   20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The physical and mental conditions

5   contained in the Listings are considered so severe that "they are irrebuttably presumed disabling,

6   without any specific finding as to the claimant's ability to perform his past relevant work or any

7   other jobs."  Lester, 81 F.3d at 828.  The Listings were "designed to operate as a presumption of

8   disability that makes further inquiry unnecessary."  Sullivan v. Zebley, 493 U.S. 521, 532 (1990);

9   see also Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001).  If a claimant shows that his

10  impairments meet or equal a Listing, he will be found presumptively disabled.  20 C.F.R. §§

11  404.1525-404.1526, 416.925-416.926.

12         The claimant bears the burden of establishing a prima facie case of disability under the

13  Listings.  See Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002).  To "meet" a listed

14  impairment, the claimant must establish that his condition satisfies each element of the listed

15  impairment.  See Zebley, 493 U.S. at 530; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

16  To "equal" a listed impairment, the claimant "must establish symptoms, signs, and laboratory

17  findings" at least equal in severity and duration to each element of the listed impairment.  Id.

18         However, "[a]n ALJ must evaluate the relevant evidence before concluding that a

19  claimant's impairments do not meet or equal a listed impairment."  Lewis, 236 F.3d at 512 (citing

20  Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("We hold that, in determining whether a

21  claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ

22  must explain adequately his evaluation of alternative tests and the combined effects of the

23  impairments.")).

24         Moreover, an "ALJ must provide a discussion of the evidence and an explanation of

25  reasoning for his conclusion sufficient to enable meaningful judicial review."  Diaz v.

26  Commissioner of Social Sec., 577 F.3d 500, 504 (3rd Cir. 2009) (quotation omitted); see also

27  Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("The ALJ's decision regarding the

28  applicability of Listing 1.04A is devoid of reasoning. . . .  This insufficient legal analysis makes it

1    impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's

2    findings.").

3         Listing 11.00 addresses "[w]hich neurological disorders" are evaluated pursuant to the

4    listings and explains that "mental impairment under the mental disorders body system" will be

5    evaluated pursuant to Listing 12.00.  20 C.F.R. § Pt. 404, Subpt. P, App. 1, Part A2.  Listing

6    12.00 contains "11 categories" including "somatic symptom and related disorders."  (Id.)

7         Somatoform disorder is "a group of disorders in which physical symptoms suggesting

8    physical disorders for which there are no demonstrable organic findings . . .  and for which there

9    is positive evidence . . . that the symptoms are linked to psychological factors; e.g., hysteria,

10   conversion disorder, hypochondriasis, pain disorder, somatization disorder, body dysmorphic

11   disorder, and Briquet syndrome."  STEDMANS MEDICAL DICTIONARY 260650.  Here, the ALJ

12   found that plaintiff suffered from the severe impairment of "chronic pain disorder with

13   psychological features."  (Tr. at 46.)  That is a somatoform disorder.  See Hiser v. Commissioner

14   of Social Sec., No. 1:13-cv-1481, 2014 WL 991962, at *14 (N.D. Ohio Mar. 13, 2014) ("In the

15   DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 445, 462 (4th

16   ed.), a pain disorder associated with psychological factors is a recognized mental disorder and a

17   subcategory of somatoform disorders.").  Somatoform disorders are evaluated pursuant to Listing

18   12.07.  20 C.F.R. § Pt. 404, Subpt. P, App. 1, Part A2.

19        Despite finding that plaintiff suffered from a severe impairment that constituted a

20   somatoform disorder the ALJ did not evaluate plaintiff pursuant to Listing 12.07, incorrectly

21   stating that there was no listing for "chronic pain disorder with psychological features[.]"  (Tr. at

22   47.)  That failure is harmful legal error.  See Herron v. Commissioner of Social Security, Case

23   No. 3:19-CV-922 JD, 2021 WL 689062, at *5 (N.D. Ind. Feb. 22, 2021) ("the ALJ's failure to

24   confront the evidence of Mr. Herron's conversion disorder at all or within the context of Listing

25   12.07 was harmful as it was not supported by substantial evidence and remand is required");

26   Keandray B. v. Saul, No. 1:19-cv-2592 JMS DLP, 2020 WL 1677308, at *2 (S.D. Ind. Apr. 6,

27   2020) (were evidence was sufficient to "trigger the ALJ's obligation to consider Listing 12.07 . . .

28   failure to consider that listing was an error requiring remand"); Gushen v. Commissioner of

1  Social Security, Case No. 16-cv-10003, 2017 WL 1807605, at *7 (E.D. Mich. Feb. 23, 2017)

2  ("the Court declines to affirm the denial of benefits based upon the Commissioner's argument

3  that the ALJ's failure to consider Listing 12.07 was a mere harmless error").

4       Accordingly, the court finds that plaintiff is entitled to summary judgment with respect to

5  the claim that the ALJ erred at step three of the sequential evaluation by failing to consider

6  Listing 12.07.

7  **CONCLUSION**

8       After having found error, "'[t]he decision whether to remand a case for additional

9  evidence, or simply to award benefits[,] is within the discretion of the court.'"[3]  Trevizo v.

10  Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232

11  (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits

12  where:

13         (1) the record has been fully developed and further administrative

14  proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

15  discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

16

17  Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

18       Here, given the nature of the ALJ's error in failing to consider Listing 12.07 the court

19  cannot find that further administrative proceedings would serve no useful purpose.  This matter,

20  therefore, will be remanded for further proceedings.

21  ////

22  ////

23  ////

24  [3] Having already identified an error requiring remand, and upon review of plaintiff's remaining

25  claim and the record, the court finds it unnecessary to reach plaintiff's remaining claim of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2,

26  2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL

27  2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's

28  remaining contentions.").

1   Accordingly, IT IS HEREBY ORDERED that:

2   1.  Plaintiff's motion for summary judgment (ECF No. 13) is granted;

3   2.  Defendant's cross-motion for summary judgment (ECF No. 16) is denied;

4   3.  The Commissioner's decision is reversed;

5   4.  This matter is remanded for further proceedings consistent with this order; and

6   5.  The Clerk of the Court shall enter judgment for plaintiff, and close this case.

7   DATED:  September 15, 2023                    /s/ DEBORAH BARNES
                                                  UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   DLB:6
     DB\orders\orders.soc sec\alawad0931.ord

26

27

28

8