1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RANAAHMAD ALAWAD,                    No.  2:22-cv-0931 DB

12              Plaintiff,

13        v.                              ORDER

14   MARTIN O'MALLEY, Commissioner of
     Social Security,[1]
15

16              Defendant.

17

18        This matter is before the court on plaintiff's motion for attorney's fees pursuant to the

19   Equal Access to Justice Act ("EAJA").[2]  Plaintiff brought this action seeking judicial review of a

20   final administrative decision denying plaintiff's application for Supplemental Security Income

21   under Title XVI of the Social Security Act.  On September 18, 2023, the court granted plaintiff's

22   motion for summary judgment and remanded this matter for further proceedings.  (ECF No. 22.)

23

24   [1] Martin O'Malley became the Commissioner of the Social Security Administration on December
     20, 2023.  See https://blog.ssa.gov/martin-j-omalley-sworn-in-as-commissioner-of-social-
25   security-administration/ (last visited by the court on February 21, 2024).  Accordingly, Martin
     O'Malley is substituted in as the defendant in this action.  See 42 U.S.C. § 405(g) (referring to the
26   "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the
     Commissioner shall, in his official capacity, be the proper defendant").
27

28   [2] Both parties have previously consented to Magistrate Judge jurisdiction over this action
     pursuant to 28 U.S.C. § 636(c).  (See ECF No. 9.)

1

On December 8, 2023, plaintiff filed a motion seeking attorney's fees in the amount of $7,013.24, pursuant to a contingency fee agreement.  (ECF No. 24.)  Defendant did not file an opposition.

**STANDARDS**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); see also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust."  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i).  The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.").  "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."  Gutierrez, 274 F.3d at 1257.

**ANALYSIS**

Here, the court finds that plaintiff is the prevailing party, that plaintiff did not unduly delay this litigation, and that plaintiff's net worth did not exceed two million dollars when this

1    action was filed.  (ECF No. 2.)  With respect to substantial justification, "[s]ubstantial

2    justification means 'justified in substance or in the main—that is, justified to a degree that could

3    satisfy a reasonable person.'"  Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014) (quoting

4    Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013)).  "Put differently, the government's position

5    must have a 'reasonable basis both in law and fact.'"  Meier, 727 F.3d at 870 (quoting Pierce v.

6    Underwood, 487 U.S. 552, 565 (1988)).  "'[T]he position of the United States includes both the

7    government's litigation position and the underlying agency action.'"  Campbell v. Astrue, 736

8    F.3d 867, 868 (9th Cir. 2013) (quoting Meier, 727 F.3d at 870); see also Shafer v. Astrue, 518

9    F.3d 1067, 1071 (9th Cir. 2008) ("the relevant question is whether the government's decision to

10   defend on appeal the procedural errors committed by the ALJ was substantially justified").  "In

11   determining whether a party is eligible for fees under EAJA, the district court must determine

12   whether the government's position regarding the specific issue on which the district court based

13   its remand was 'substantially justified'—not whether the ALJ would ultimately deny disability

14   benefits."  Gardner v. Berryhill, 856 F.3d 652, 656 (9th Cir. 2017).

15         As noted above, "[i]t is the government's burden to show that its position was

16   substantially justified."  Meier, 727 F.3d at 870.  Here, there is no basis for the court to find that

17   the government's position was substantially justified.

18         The EAJA expressly provides for an award of "reasonable" attorney fees.  28 U.S.C. §

19   2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since

20   1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost

21   of living.[3]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir.

22   2001); Atkins, 154 F.3d at 987.  Determining a reasonable fee "'requires more inquiry by a

23   district court than finding the product of reasonable hours times a reasonable rate.'"  Atkins, 154

24   F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)).

25

26   [3] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir.
     2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the
27   statutory maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be
     found on the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff's requested
28   attorney rates are equal to the statutory maximum rates established by the Ninth Circuit.  (ECF
     No. 24 at 1.)

1    The district court must consider "'the relationship between the amount of the fee awarded and the

2    results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

3         Here, plaintiff's fee motion seeks compensation for 29.50 hours of attorney time for a

4    total award of $7,013.24.  (Pl.'s Mot. (ECF No. 24) at 4-5.)  The court finds the hours expended

5    to be reasonable when compared to the time devoted to similar tasks by counsel in like social

6    security appeals coming before this court.  See Clark v. Colvin, No. 2:14-CV-0851 DB, 2016 WL

7    4179803, at *4 (E.D. Cal. Aug. 8, 2016) (finding 67.25 hours to be a reasonable amount of time);

8    Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19,

9    2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-

10   1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a

11   reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5

12   (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); see also Costa

13   v. Commissioner of Social Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts

14   may not apply de facto caps limiting the number of hours attorneys can reasonably expend on

15   'routine' social security cases.").  See generally Moreno v. City of Sacramento, 534 F.3d 1106,

16   1112 (9th Cir. 2008) ("By and large, the court should defer to the winning lawyer's professional

17   judgment as to how much time he was required to spend on the case; after all, he won, and might

18   not have, had he been more of a slacker.").

19        Accordingly, after carefully reviewing the record and the pending motion, the court

20   declines to conduct a line-by-line analysis of counsel's billing entries.  See, e.g., Commissioner,

21   I.N.S. v. Jean, 496 U.S. 154, 161-62 (1990) ("the EAJA—like other fee-shifting statutes—favors

22   treating a case as an inclusive whole, rather than as atomized line-items"); Stewart v. Sullivan,

23   810 F. Supp. 1102, 1107 (D. Haw. 1993); Duran v. Colvin, No. 2:11-cv-2978 DAD, 2013 WL

24   5673415, at *2 (E.D. Cal. Oct. 17, 2013).

25        However, an attorney fee award under the EAJA is payable to the litigant and is therefore

26   subject to a government offset to satisfy any pre-existing debt owed to the United States by the

27   claimant.  Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010).  Subsequent to the decision in Ratliff,

28   some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel

                                        4

1   pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that

2   requires offset.  See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D.

3   Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D.

4   Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D.

5   Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3

6   (C.D. Cal. July 20, 2010).  The court will incorporate such a provision in this order.

7                                        **CONCLUSION**

8          Accordingly, IT IS HEREBY ORDERED that:

9          1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 24)

10   is granted;

11          2.  Plaintiff is awarded $7,013.24 in attorney fees and cost under 28 U.S.C. § 2412(d); and

12          3.  Defendant shall determine whether plaintiff's EAJA attorney's fees are subject to any

13   offset permitted under the United States Department of the Treasury's Offset Program and, if the

14   fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause

15   the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed

16   by plaintiff.

17   Dated:  April 22, 2024

18

19

20                                                      DEBORAH BARNES
                                                        UNITED STATES MAGISTRATE JUDGE
21

22

23

24   DLB:6
     DB\orders\orders.soc sec\alawad0931.eaja.ord
25

26

27

28

                                                    5